1

2

3

4

5

6                                IN THE UNITED STATES DISTRICT COURT

7

8                             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   FERDINAND RIVERA and CRISTINA                     No. C 10-04538 WHA
     RIVERA,
11
                    Plaintiffs,
12                                                      **ORDER REMANDING ACTION
        v.                                             TO STATE COURT**
13
     ONEWEST BANK, FSB,
14
                    Defendant.
15   _____/

16

17          Plaintiffs filed this action in state court, alleging seven state-law claims.  Defendant

18   MortgageIt Inc. removed the action on October 7, 2010.  The notice of removal stated "Plaintiffs

19   [sic] claims appear to be based upon alleged violations of federal statutes . . ." even though

20   plaintiffs did not state any federal claims.  Only two defendants, MortgageIt Inc. and OneWest

21   Bank, FSB, were served with the complaint or not dismissed prior to removal.  OneWest Bank

22   filed a joinder to MortgageIt's notice of removal.

23          MortgageIt noticed a motion to dismiss for a hearing on December 16.  OneWest Bank

24   filed a joinder to the motion.  Meanwhile, plaintiffs noticed a motion to remand for a hearing on

25   December 9.  Plaintiffs dismissed MortgageIt from the action on November 17, and on November

26   19 MortgageIt filed a notice of withdrawal of its motion to dismiss.  In the interim, OneWest

27   Bank did not file an opposition or statement of nonopposition to plaintiffs' motion to remand,

28   which was due on November 18, 2010, pursuant to Civil Local Rule 7-3.

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    Nevertheless, by prior order OneWest Bank was given a second opportunity to oppose the

2   motion to remand.  That order set several new deadlines.  *First*, given that MortgageIt, the

3   moving party with regard to the motion to dismiss, withdrew the motion, OneWest Bank was

4   required to update its submissions in support of the motion, stating in particular what portions

5   thereof still apply to it.  It was given until November 29, at 5:00 p.m., to do so, but it did not do so

6   and still has not done so.

7    *Second*, the order clarified the schedule with regard to both the motion to dismiss and the

8   motion to remand, setting *both* hearings for December 16.  Oppositions to both motions were due

9   on December 3, at 5:00 p.m.  As stated, OneWest Bank did not file an opposition to plaintiffs'

10   motion to remand by its original deadline.  It also did not file an opposition (or statement of

11   nonopposition) when it was given a new opportunity to do so.  And it still has not done so.

12    A defendant may remove a civil action from state court to federal court if original

13   jurisdiction would have existed at the time the complaint was filed.  28 U.S.C. 1441(a).  The

14   strong presumption against removal jurisdiction means that a defendant bears the burden of

15   establishing proper removal.  "Federal jurisdiction must be rejected if there is any doubt as to the

16   right of removal in the first instance," such that courts must resolve all doubts as to removability

17   in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

18    Neither MortgageIt's notice of removal nor OneWest Bank's joinder were based on

19   anything other than the following: "Plaintiffs [sic] claims appear to be based upon alleged

20   violations of federal statutes . . ."  This does not state a valid basis for jurisdiction of any kind —

21   no authority is provided for the notion that original jurisdiction exists.  The parties are not

22   diverse.  Removal was not proper and jurisdiction does not exist.

23    Therefore, the Clerk shall **REMAND** this action to Alameda County Superior Court.  The

24   hearings on December 16 are **VACATED**.

25    **IT IS SO ORDERED.**

26

27
      Dated:  December 6, 2010.
28                                                              _____
                                                                WILLIAM ALSUP
                                                                UNITED STATES DISTRICT JUDGE